# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-13237-pmm |
| Tri-State Paper, Inc., | Chapter 11 |
|     Debtor. | |
| Tri-State Paper, Inc., | Adversary No. 23-00074-pmm |
|     Plaintiff, | |
| v. | |
| HKGG, Inc., | |
|     Defendant. | |

**Plaintiff's Motion to Determine Filing Fee**

**AND NOW**, Plaintiff Tri-State Paper, Inc., by and through its attorney, moves this Court to enter an order determining that the Plaintiff need not pay a fee for filing the complaint in this action. In support of this motion, the Plaintiff states as follows:

1. The Plaintiff is the debtor in the above-captioned bankruptcy case and initiated this adversary action on November 7, 2023 by filing a complaint demanding that Defendant HKGG, Inc. turn property over to the Plaintiff pursuant to 11 U.SC. § 542.

2. The Bankruptcy Court Miscellaneous Fee Schedule prescribes that the Clerk must charge a fee "[f]or filing a complaint [in the amount of] $350, except: If the trustee or debtor-in-possession files the complaint, the fee must be paid only by the estate, to the extent there is an estate. **This fee must not be charged if the debtor is the plaintiff**; or a child support creditor or representative files the complaint . . . ." Judicial Conference of the United States, *Bankruptcy Court Miscellaneous Fee Schedule*, https://perma.cc/K5QS-2RQB (last visited Nov. 29, 2023) (emphasis added).

3. Because the Plaintiff interprets the Fee Schedule to mean that no filing fee is required in this case, the Plaintiff did not pay a fee when filing the complaint.

4. On November 28, 2023, the Clerk notified the Plaintiff that a filing fee in the amount of $350 is due for filing the complaint in this case.

5. Upon information and belief, the Clerk's interpretation of the Fee Schedule requires collection of the fee because the Fee Schedule differentiates a debtor from a debtor-in-possession, and the Plaintiff in this case is a debtor-in-possession.

6. The differing interpretations of the Fee Schedule are the result of its ambiguous language. First, it says that there is a $350 fee for <u>filing a complaint</u>. Second, if the *debtor-in possession* <u>files the complaint</u>, *the fee* must be paid by the estate if one exists. Third, *this fee* must not be charged <u>if the debtor is the plaintiff</u>.

7. The Fee Schedule distinguishes a debtor-in-possession *filing a complaint* from a debtor *being the plaintiff* in a complaint. The Judicial Conference intends that to mean something, but it is not at all clear what that something is. It is possible for a party to *file a complaint* without being *the plaintiff*. *See* Fed.R.Civ.P. 17(a)(1). It can be reasonably read that the Fee Schedule intends to require that a debtor-in-possession pay a filing fee from the estate if the complaint is filed by a debtor-in-possession but the plaintiff is someone other than the debtor.

8. When a debtor is a debtor-in-possession, it is still a debtor. *See* 11 U.S.C. § 1101. The designations are not mutually exclusive. Because the fee waiver for a *debtor* comes after the imposition of a fee for a *debtor-in-possession* it can be read that the waiver supersedes the imposition. Because the Plaintiff is also a debtor, the waiver clause is applicable to it.

9. Because the Fee Schedule has various reasonable interpretations, the Court must decide which interpretation to apply.

10. If a statute's language is reasonably plain, the Court's only function is to enforce that statute's language. *Byrd v. Shannon*, 715 F.3d 117, 122-23 (3d Cir. 2013) (citing *United States v. Ron Pair Enters.,* 489 U.S. 235, 241 (1989)).  This applies to regulations, too. *See Silverman v. Eastrich Multiple Investor Fund*, 51 F.3d 28, 31 (3d Cir. 1995).

11. "Statutory language is ambiguous only where it is 'reasonably susceptible of different interpretations.'" *Byrd v. Shannon*, 715 F.3d 117, 123 (3d Cir. 2013) (quoting *Nat'l R.R. Passenger*

*Corp. v. Atchison Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 473 n. 27, (1985)).  Normally, the Court would then consult legislative history for guidance. *Byrd*, 715 F.3d at 123. Because the Fee Schedule is written by the Judicial Conference, there is no legislative history to consult. In light of that, the Court must decide how to interpret ambiguous language by considering public policy. *See In re Calabrese*, 689 F.3d 312, 320 (3d Cir. 2012).

12.  It is in the interest of public policy for this court to adopt the interpretation of the Fee Schedule that is consistent with the customs practically established in this district.

13.  Through the course of practice, the Clerk has established a custom of not demanding a fee for filing Section 542 complaints when a chapter 11 debtor-in-possession is the plaintiff. Of the fifty-eight such complaints filed by chapter 11 debtors-in-possession from December 1, 2013, through November 30, 2023, (exclusive of those filed by the plaintiff in the instant case), no fee

was paid or demanded in thirty-six cases.[1] In the other twenty-two cases, a fee was paid without demand.[2]

---

[1] *B and C Bros. v. Carey's*, No. 23-00066-amc (Bankr. E.D. Pa.); *B and C Bros. v. Knights Constr.*, No. 23-00065-amc (Bankr. E.D. Pa.); *Biz as Usual v. Dalin Funding*, No. 20-00268-elf (Bankr. E.D. Pa.); *Lehigh Valley Prop. v. Allentown*, No. 16-00267-ref (Bankr. E.D. Pa.); *Lehigh Valley Prop. v. Allentown*, No. 16-00266-ref (Bankr. E.D. Pa.); *Lebkuecher v. Polak*, No. 16-00057-ref (Bankr. E.D. Pa.); *RW Motorsports v. Benic Enter.*, No. 16-00045-elf (Bankr. E.D. Pa.); *Silver Line v. Prothonotary*, No. 16-00040-ref (Bankr. E.D. Pa.); *World Imports v. Mealey's Furniture Holdings*, No. 16-00006-sr (Bankr. E.D. Pa.); *World Imports v. Factory Direct Furniture & Mattress Warehouse*, No. 15-00493-sr (Bankr. E.D. Pa.); *World Imports v. Furniture Connect*, No. 15-00492-sr (Bankr. E.D. Pa.); *World Imports v. K & D Future*, No. 15-00459-sr (Bankr. E.D. Pa.); *World Imports v. Ken Bowles & Assoc.*, No. 15-00458-sr (Bankr. E.D. Pa.); *World Imports v. Bros. Furniture Warehouse*, No. 15-00457-sr (Bankr. E.D. Pa.); *World Imports v. Furniture Mecca*, No. 15-00456-sr (Bankr. E.D. Pa.); *World Imports v. West Coast Furniture*, No. 15-00442-sr (Bankr. E.D. Pa.); *World Imports. v. IFAM*, No. 15-00432-sr (Bankr. E.D. Pa.); *World Imports v. All Brands*, No. 15-00382-sr (Bankr. E.D. Pa.); *World Imports v. Tiffany II Furniture*, No. 15-00139-sr (Bankr. E.D. Pa.); *World Imports v. Coast to Coast Financing*, No. 15-00138-sr (Bankr. E.D. Pa.); *World Imports v. Collection Furniture*, No. 15-00137-sr (Bankr. E.D. Pa.); *World Imports v. Five Star Furniture*, No. 15-00134-sr (Bankr. E.D. Pa.); *World Imports v. Homesource Furniture Outlet*, No. 15-00133-sr (Bankr. E.D. Pa.); *World Imports v. Muebles*, No. 15-00132-sr (Bankr. E.D. Pa.); *World Imports v. Profit Mgmt. Associates East*, No. 15-00131-sr (Bankr. E.D. Pa.); *World Imports v. Dream Decor*, No. 15-00128-sr (Bankr. E.D. Pa.); *World Imports v. 2254 Third Ave Dept Store*, No. 15-00127-sr (Bankr. E.D. Pa.); *World Imports v. Furniture and Mattress Discounters*, No. 15-00126-sr (Bankr. E.D. Pa.); *World Imports v. Furniture 4 Less*, No. 15-00123-sr (Bankr. E.D. Pa.); *World Imports v. Jerusalem Furniture Corp.*, No. 15-00121-sr (Bankr. E.D. Pa.); *World Imports v. Buy & Save Furniture*, No. 15-00119-sr (Bankr. E.D. Pa.); *World Imports v. A & J Furniture*, No. 15-00118-sr (Bankr. E.D. Pa.); *World Imports v. Lariscy Furniture & Bedding*, No. 15-00115-sr (Bankr. E.D. Pa.); *World Imports v. Classic Oak Furniture*, No. 15-00114-sr (Bankr. E.D. Pa.); *Porous Power Technologies v. Beard*, No. 15-00094-elf (Bankr. E.D. Pa.); *World Imports v. Bob's Discount Home Store*, No. 15-00063-sr (Bankr. E.D. Pa.).

[2] *Stream TV Networks v. Stastney*, No. 23-00057-mdc (Bankr. E.D. Pa.); *Recondition Pros Penn v. 2730 Castor Ave*, No. 23-00051-pmm (Bankr. E.D. Pa.); *Little Wash. Fabricators v. CCS Bldg. Grp.*, No. 23-00008-pmm (Bankr. E.D. Pa.); *Chowns Fabrication and Rigging v. Performance Constr. Serv.*, No. 19-00045-mdc (Bankr. E.D. Pa.); *Chowns Fabrication and Rigging v. The Hartford*, No. 19-00044-mdc (Bankr. E.D. Pa.); *Grimm Bros. Realty Co. v. Norristown Mun. Waste Auth.*, No. 19-00035-mdc (Bankr. E.D. Pa.); *Ootzie Prop. v. Berkel and Co. Cont.*, No. 18-00268-elf (Bankr. E.D. Pa.); *S.A. Logistics v. General Truck Leasing*, No. 17-00238-mdc (Bankr. E.D. Pa.); *Frankford Rest. Holdings v. Grady O's*, No. 17-00139-amc (Bankr. E.D. Pa.); *Bleacher Creatures v. Distribution Alternatives*, No. 17-00138-jkf (Bankr. E.D. Pa.); *Patel v. Patel*, No. 17-00089-amc (Bankr. E.D. Pa.); *Connpart v. Karpo*, No. 17-00014-sr (Bankr. E.D. Pa.); *Neighborhood Interfaith Movement v. Public Health Mgmt. Corp.*, No. 14-00624-elf (Bankr. E.D. Pa.); *World Imports v. Kane Furniture Corp.*, No. 14-00623-sr (Bankr. E.D. Pa.); *World Imports v. Hands of Hope Thrift Store*, No. 14-00622-sr (Bankr. E.D. Pa.); *World Imports v. Warehouse Discount*, No. 14-00621-sr (Bankr. E.D. Pa.); *World Imports v. Raymours Furniture Co.*, No. 14-00620-sr (Bankr. E.D. Pa.); *World Imports v. Regency Furniture Distrib.*, No. 14-00602-sr (Bankr. E.D. Pa.); *World Imports v. Furniture Zone*, No. 14-00600-sr (Bankr. E.D. Pa.); *World Imports v. Gardner White Furniture Co.*, No. 14-00599-sr (Bankr. E.D. Pa.); *World Imports v. Metro Furniture*, No. 14-00598-sr (Bankr. E.D. Pa.); *Phila. Ent. and Dev. Partner v. Pa. Dep't of Revenue*, No. 14-00255-mdc (Bankr. E.D. Pa.).

14. Given the Clerk's custom, it is against public policy to demand a filing fee in this case without establishing a new custom through a standing order by the Chief Judge, a change in local rules, an order of a higher court, or a notice to the Bar.

15. For those reasons, the Court must select the reasonable interpretation of the Fee Schedule that does not require payment of a fee and enter an order determining that no fee is due.

16. Because the Plaintiff filed this action in reliance of a reasonable interpretation of the Fee Schedule and the Clerk's custom of not demanding a fee for Section 542 complaints, if the Court determines that a fee is due it must exercise its equitable authority under 11 U.S.C. § 105 and order that such payment may be deferred until the entry of a dispositive order or made through the Plaintiff's chapter 11 plan.

**NOW, THEREFORE**, the Plaintiff asks this Court to grant relief in the form of order attached and to grant such other relief in its favor as may be necessary and proper under the law.

Date: December 5, 2023

CIBIK LAW, P.C.
*Counsel for Plaintiff*

By: /s/ Michael I. Assad
Michael A. Cibik (#23110)
Michael I. Assad (#330937)
Edward Jacob Gruber (#334339)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

## Certificate of Service

I certify that on this date, I did cause a copy of this document to be electronically served on all parties on the clerk's service list that are registered to receive notices through the CM/ECF system.

I further certify that on this date, I did cause a copy of this document to be served for delivery to all parties on the clerk's service list that are not registered to receive notices through the CM/ECF system by the United States Postal Service, via first class mail, postage prepaid, as follows:

- HKGG, Inc., 3580 West Chester Pike, Newtown Square, PA 19073

Date: December 5, 2023            /s/ Michael I. Assad
                                  Michael I. Assad